# EXHIBIT 11

# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
**NEWPORT BEACH, CALIFORNIA 92660-6324**

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (949) 760-5279
FACSIMILE (949) 717-6369
SHaberny@irell.com

September 5, 2014

**VIA E-MAIL**

Ryan Meyer, Esq.
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101

Re:   *University of Utah v. MAX-PLANCK-GESELLSCHAFT zur FORDERUNG der WISSENSCHAFTEN e.V., et al.*, District of Massachusetts Civil Action No. 1:11-cv-10484-PBS

Counsel:

I write regarding document production parameters and related technical issues for the above-referenced case. The parties have met and conferred, and by signing this letter agree that documents collected and produced for this case should be produced under the following guidelines, which closely mirror those by which the documents from the previous *Whitehead* litigation were originally produced. Please note that the following guidelines apply only to documents collected and produced for this case—they do not apply to documents that were previously produced in the *Whitehead* litigation and accordingly do not independently establish any production requirements for those documents.

Production Guidelines

1.   Definitions and Scope. The following protocol and definitions shall control the production of discoverable documents and electronically stored information when production commences. The following terms shall be defined:

   a.   "Document(s)" means electronically stored information (ESI) existing in any medium from which information can be obtained or translated into reasonably usable form and shall have the same meaning as used in the Federal Rules of Civil Procedure and case law construing same.

   b.   "Native File(s)" or "Native Format" means ESI that have an associated file structure defined by the creating application in the file type for (or of) the application in which such ESI is normally created, viewed and/or modified.

3093843

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Ryan Meyer, Esq.
September 5, 2014
Page 2

      c.    "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

      d.    "Load File" means an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A load file will also contain data relevant to the individual Documents, including extracted and user created Metadata, coded data, as well as OCR or Extracted Text.

      e.    "OCR" means the optical character recognition file which is created by software used in conjunction with a scanner that is capable of reading text-based documents and making such documents searchable using appropriate software.

      f.    "Extracted Text" means the text extracted from a Native File and includes all header, footer and document body information.

      g.    "Receiving Party" shall mean the party receiving production of Documents in response to any request for production of document(s) pursuant to Fed. R. Civ. P.34(a) or pursuant to initial production of documents identified in the party's Rule 26(a) disclosures.

      h.    "Producing Party" shall mean the party producing Documents in response to any request for production of documents pursuant to Fed. R. Civ. P. 34(a) or pursuant to initial production of documents identified in the party's Rule 26(a) disclosures.

      2.    The Producing Party shall arrange for the preservation or back-up of information, including electronically-stored information, to be produced.

      3.    Production should generally be made, to the extent practicable, via single-page Group 4, 300 DPI black and white TIFF images with cross-reference files showing document breaks, formatted for loading into Opticon. Images should be named for the production bates number.

      4.    Metadata to be produced should be contained in data load files appropriate for loading to Concordance 10. The load files should include field names and use standard Concordance delimiters with the dates in the mm/dd/yyyy format.

3093843

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Ryan Meyer, Esq.
September 5, 2014
Page 3

5. For each document, a document-level text file shall be provided. The text file shall be named for the beginning Bates number of its corresponding document (e.g., BATES000001.txt) and placed in directories different from those directories in which the images are placed. Where documents produced natively are displaced from the production TIFF images of the documents with which they are kept in the ordinary course of business, the parties should provide the context necessary to associate the displaced native files with the images representing the documents with which they are ordinarily kept, e.g., by producing a production bates-numbered placeholder image in its TIFF production, and associating the native document in its production with that production bates number.

6. Where a party produces documents that currently exist in hard copy form, or if a document is produced in a redacted form, such production should be accompanied by post production-OCR. Where a party produces documents that currently exist as electronically stored information, such production should be accompanied by the extracted text of each document, whether produced as a TIFF image or in native format.

7. For those documents where the native file is being included in the production, the native file should be renamed to reflect the production bates number of the document and the data load files should include a native file field which includes the path and file name to the native file.

All text files should be Unicode.

8. With respect to production of electronically stored information, production form should depart from the general practice of producing only TIFF images in the following circumstances:

    a. Microsoft PowerPoint (or similar presentation application) files should be produced as a TIFF image or in native format. Where a PowerPoint file is produced as a TIFF image, a party may request that the file be produced in native format. The file should be produced in native format as long as the request is based on the difficulty of reading or understanding the file.

    b. Microsoft Access (or similar standalone database application) files, or extracts from databases, should be produced in native format.

    c. Microsoft Excel (or other similar spreadsheet application) files should be produced in native format.

    d. Audio and visual files should be produced in native format.

3093843

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Ryan Meyer, Esq.
September 5, 2014
Page 4

    e. Design and engineering documents such as CAD drawings, schematics, block diagrams, and models—to name only a few categories of such files—should be produced natively.

    f. Websites, Intranets, Wikis, and similar HTML-based collections of documents should be produced natively and in fully browseable form, if practicable.

    9. Documents that cannot be read because of imaging or formatting problems shall be identified by either party upon the discovery of such problems. The Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s), to the extent the problem(s) are within the Parties' control.

    10. Documents shall be produced in black and white in the first instance. If a produced Document contains color and that color is necessary to decipher the meaning, context, or content of the document, the Producing Party shall honor reasonable requests for either the production of the original Document for inspection and copying or production of a color image of the Document.

    11. With the possible exception of Eudora e-mail, where a party produces e-mail that currently exists as electronically stored information, each e-mail should be produced together with each attachment(s) immediately following its parent e-mail, and such production should be accompanied by the following separately-fielded metadata: for each e-mail, the author, recipient(s), cc(s), bcc(s), subject, date sent, time sent, date received, time received, attachment(s) name, SHA1 and MD5Hash, and extracted body text; for each non-e-mail attachment: original filename, file extension, date last modified and the extracted text; and for each e-mail/attachment group, the beginning and ending Bates numbers of that group. The parties note that the date last modified field may be unreliable.

    12. Loose electronic documents, not associated with an e-mail, should be accompanied by the following separately-fielded metadata: original filename, file extension, date last modified, and the extracted text. The parties note that the date last modified field may be unreliable.

    13. The following is a sample listing of metadata fields and field names:

| FIELD | DEFINITION | DOC TYPE |
|---|---|---|
| SOURCE | Name of party producing the document/data | ALL |
| CUSTODIAN | Name of person from whose files the document/data is being produced | ALL |
| BEGINBATES | Beginning Bates Number (production | ALL |

3093843

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Ryan Meyer, Esq.
September 5, 2014
Page 5

| FIELD | DEFINITION | DOC TYPE |
|---|---|---|
|  | number) |  |
| ENDBATES | Ending Bates Number (production number) | ALL |
| FROM | Sender | EMAIL |
| TO | Recipient | EMAIL |
| CC | Additional Recipients | EMAIL |
| BCC | Blind Additional Recipients | EMAIL |
| SUBJECT | Subject line of Email | EMAIL |
| PARENTBATES | BeginBates number for the parent email of a family (will not be populated for documents that are not part of a family) | EMAIL |
| BEGATTACH | First Bates number of a family range (i.e. Bates number of the first page of the parent email) | EMAIL |
| ENDATTACH | Last Bates number of a family range (i.e. Bates number of the last page of the last attachment) | EMAIL |
| ATTACHNAME | Name of each individual attachment | EMAIL |
| DATESENT (mm/dd/yyyy) | Date sent | EMAIL |
| TIMESENT | Time sent provided with hour and minutes at Pacific Standard Time. | EMAIL |
| HASHVALUE | MD5 Hash and SHA Value for Edocs | EDOCS |
| DOCTYPE | Document type (e.g. .doc, .pst, .ppt, .xls, .pdf) | EDOCS |
| TITLE | Title provided by user within the document | EDOCS |
| AUTHOR | Creator of document | EDOCS |
| RECIPIENTS | Recipient(s) of document | EDOCS |
| DATECREATED (mm/dd/yyyy) | Document creation date | EDOCS |
| TIMECREATED | Document creation time provided with hour and minutes at Pacific Standard Time. | EDOCS |
|  |  |  |
| LASTMODIFIED (mm/dd/yyyy) | Last Modified date | EDOCS |
| NATIVEFILELINK | A link to the native file within the production |  |
| Conversation Index | Field in Outlook emails that indicates an | EMAIL |

3093843

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Ryan Meyer, Esq.
September 5, 2014
Page 6

| FIELD | DEFINITION | DOC TYPE |
|---|---|---|
| | email's position within a conversation thread | |

14. A Producing Party shall produce Documents on a CD-ROM, DVD, external hard drive, via FTP site, or such other readily accessible computer or electronic media as the Producing Party and the Receiving Party may hereafter agree upon (the "Production Media"). Information that shall be identified on the face of the Production Media shall include: (1) the production date, and (2) the confidentiality notation required by the Protective Order entered in this case, if the media contains Confidential Information, as defined in the Protective Order. The face of the Production Media shall also contain the Bates Number range(s) of the Documents on the Production Media, and where not practicable to do so, may be provided in an accompanying letter. If the Producing Party encrypts or "locks" the production, the Producing Party shall include with the production an explanation of how to decrypt the files.

15. If a Producing Party has more than one identical copy of an electronic document (*i.e.*, the documents are actual duplicates), the Producing Party need only produce a single copy of that document.

16. A Producing Party need not produce the same electronically stored information in more than one form.

17. Each Producing Party shall Bates number its production(s) as follows:

    a.    <u>Document Images</u>. Each page of a produced Document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. The Bates Number shall contain a two to six letter prefix associated with the Producing Party's name followed by 8 numbers (*e.g.*, ABCD00000001). The Producing Party will use a consistent prefix throughout the matter. Thus, once a party chooses a four letter prefix, *e.g.* ABCD, it shall not later produce a Document using a different prefix, *e.g.* EFGH. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above, and any other internal tracking number that the Producing Party may choose to use. The confidentiality legend shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

3093843

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Ryan Meyer, Esq.
September 5, 2014
Page 7

18. <u>Native Format Documents</u>. In the event Native Format Documents are produced, in order to preserve the integrity of those Native Format Documents, no Bates Number, confidentiality legend or internal tracking number should be added to the content of the Native Document.

19. To the extent discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the Producing Party shall produce exemplar reports from the database in image format as described in Paragraph 3; provided that the Receiving Party identifies specific fields of information to the Producing Party. Upon review of the reports, the Receiving Party may make reasonable requests for additional information to explain the database scheme, codes, abbreviations, and different report formats or to request specific data from identified fields.

20. <u>Privilege Logs</u>. The Producing Parties will produce privilege logs at a time and in a form mutually agreed by the Parties.

21. <u>Discovery and Admissibility</u>. Nothing herein shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

The parties agree to the guidelines stated in this agreement for the collection and production of documents in this matter.

/s/ Sandra L. Haberny
Sandra L. Haberny
Irell & Manella LLP
Counsel for Defendants

Ryan Meyer    9/8/2014
Hagens Berman Sobol Shapiro LLP
Counsel for Plaintiff

3093843